Sener, C. J.
The defendant in error brought suit on the 27th day of June, A. D. 1878, against plaintiff in error, in the district court of the second judicial district, sitting in and for Uinta county, for the recovery of a certain amount of money received by said plaintiff in error as register of deeds of said Uinta-county during the months of January, February, March, April, and May, A. D. 1878, and which amount said plaintiff in error retained, instead of returning the same into the county treasury, as provided by section 1 of an act of the legislative assembly of Wyoming territory, entitled, “An act to establish the salary of county officers of Uinta county, and for other purposes,” to take effect from and after January 1, 1878, and approved December 15, 1877. The cause was tried by the court, and afinding made in favor of defendant in error for the sum of $113.35 and the costs, at the July term, A. D. 1878. A motion for a new trial was made and overruled, to the overruling of which motion the plaintiff in error excepted. The motion for a new trial contains three grounds: First, that the courterred in overruling the demurrers of the defendant to the jurisdiction of the court; second, that the court erred in admitting evidence of plaintiff’s claim over the objection of thedefendant; third, that the judgment of the court in this case is against and contrary to the weight of evidence and the law of the case. And the case is brought here for a determination on these grounds, as an assignment of errors.
The counsel who appeared for the plaintiff in error expressly waived the objection that the court had no jurisdiction of the person of the defendant or the subject of the action, and for the reason, we suppose, that it clearly appears that Alfred G. Lee voluntarily entered his appearance in the district court held in and for Uinta county.
The other two assignments of error might be considered together, were it not for the fact, clearly shown by the record, that the case was tried at the July term, 1878, of Uinta county, first upon a demurrer to jurisdiction, which was overruled, and then, an answer being filed, issue was-joined, and at the trial, upon the pleadings and evidence, a finding and conclusion were reached by the court, and judgment given for the plaintiff below,the defendant in error here. A motion for a new trial was filed and considered by the court, and by it overruled, and an exception noted ; and there the matter seems to haveended, for the record is silent as to any bill of exceptions being then presented, or of any time being given to reduce exceptions to-writing, which might have been done,“but not beyond the first day of the next succeeding term.” There is, however, a paper here filed with the transcript, purporting to be the findings of the judge who-tried the case, who says he thought he filed his findings, but he may be mistaken. The record shows that he did file them ; for it recites what they (thefindings) were, and that they were generally for the plaintiff. He then goes on, not to certify what was true as to a bill of exceptions, but he says in the beginning of this paper, “if 1 remember aright,” and then goes on to make a statement in which even the amount claimed is left blank. No such paper as this, filed without time given or without its containing the certificate that it was true or correct, can be received to impeach the judgment of a court of competent jurisdiction, rendered in a case properly before.it and duly tried, as the record shows. It was not even presented or filed in the district court at the first day of the next term, but bears date of January 2,1879, a day anterior by four days to the first day of the next term, and must have been merely left with the clerk. There is nothing to show that it was ever brought to the attention of the court below; so that in no sense is it properly a part of, but in every sense it is dehors, the record in this case.
The question intended to be raised by the third exception, which is not properly before us, has been so often adjudicated, and is so well settled, that we do not hesitate to declare that public offices, though salaried, are not held by contract or grant, and that they are under the complete control of the legislature, unless there be some special restraint in the organic act of the territory or the laws of congress governing the territories, and it is not alleged that there is any such restraint, nor have we been able to find any. Theymaybe abolished,or the terms thereof reduced. The salaries may be reduced or new duties imposed. Vide Sedgw. Const. Law, (2d Ed.) p. 585, note; Butler *55 v. State of Pennsylvania, 10 How. 416. For these reasons the judgment oí the court below must be affirmed.